UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                              Case No.: 2:18-cv-714-FtM-38MRM

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, KEN KAVANAGH,
KARL SMESKO, RODERICK
ROLLE, KELLY BROCK and
JESSICA HOMER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *pro se* Plaintiff's Motion for Temporary Restraining Order (Doc. 27) and Plaintiff's Declaration (Doc. 28) filed on August 15, 2019. For the reasons below, Plaintiff's request for an *ex parte* temporary restraining order is denied and the Court takes the request for a preliminary injunction under advisement pending formal service of the Complaint and a response from Defendants.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Background**

On October 26, 2018, Plaintiff L. Yvonne Brown filed a nine-count Complaint (Doc. 1) alleging that Defendants violated Title IX[2] by dismissing her from Florida Gulf Coast University's (FGCU) women's basketball team based on academic ineligibility without due process.[3] The remaining eight claims are all state law claims. Brown seeks a temporary restraining order to prevent the continued enforcement of an April 29, 2019 disciplinary sanction imposed upon her by FGCU that is precluding her from registering for Fall 2019 semester classes set to begin August 19, 2019. Brown believes that the disciplinary sanction imposed by FGCU (without a hearing) constitute ongoing retaliation for Brown's complaints of Title IX violations.

This is not Brown's first *pro se* suit surrounding her unconstitutional dismissal from FGCU's basketball team. Brown litigated a case against the same Defendants as here for the past year and a half. *See Brown v. Florida Gulf Coast University, et al.*, Case 2:18-cv-157-JES-MRM ("*Brown I*"). That case was filed on March 9, 2018, and after two iterations of the Complaint and the denial of *seven* applications for temporary restraining orders (some emergency), the Court dismissed that case on the merits but allowed Plaintiff a final opportunity to amend. She failed to do so, and judgment was entered.

**Standard**

To obtain a temporary restraining order, a party must first establish that: (1) it is substantially likely to succeed on the merits of its underlying claims; (2) it will suffer imminent, irreparable injury without injunctive relief; (3) such injury outweighs the harm

---

[2] The Title IX claim is the only federal claim pled in the Complaint.

[3] Plaintiff is proceeding *in forma pauperis*, but Defendants have not yet been served.

an injunction poses to the opposing party; and (4) injunctive relief will serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Federal Rule of Civil Procedure 65(b) authorizes a court to grant injunctive relief *ex parte* – that is, against a party who has not yet received notice of the motion seeking injunctive relief and/or had an opportunity to be heard. To obtain such relief, however, the movant must make a "clear[] show[ing] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

The Local Rules of this District state further that an *ex parte* order "will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a). To constitute a true "emergency," the injury alleged must be "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* 4.05(b)(2).

**Discussion**

An award of *ex parte* injunctive relief is not warranted here because Plaintiff has not established that she is substantially likely to succeed on the merits of her claims. After a review of the Second Amended Complaint in *Brown I*, and the Complaint in this case, the Court notes that Plaintiff has made nearly identical allegations. The only difference being in this case she labels her federal claim as one brought under Title IX instead of one under the Fourteenth Amendment. Notably, on the first page of the Second Amended Complaint filed in *Brown I* (which was filed after this lawsuit was filed), Plaintiff states: "This is not a title xi [*sic*] complaint and should not be construed by this Court has a title ix complaint in any way, shape, form, or fashion." (*Brown I* at Doc. 77). This raises

3

serious questions as to whether Plaintiff's Title IX claim here is barred by the doctrine of res judicata as it could have been pled in the *Brown I* case. "It is by now hornbook law that the doctrine of res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). The same analysis applies to Plaintiff's state law claims as well.

Therefore, because Plaintiff has not established that she is substantially likely to succeed on the merits, she is not entitled to the extraordinary relief of an *ex parte* restraining order.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Temporary Restraining Order (Doc. 27) is **DENIED**.

(2) Plaintiff's request for a preliminary injunction is **taken under advisement** pending a hearing on the matter.

(3) After service, Defendants shall have **fourteen (14) days** to file a written response to the request for preliminary injunction.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record