UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

       Plaintiff,

v.                                                    Case No.: 2:18-cv-714-FtM-38MRM

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, KEN KAVANAGH,
KARL SMESKO, RODERICK
ROLLE, KELLY BROCK and
JESSICA HOMER,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff *pro se* L. Yvonne Brown's request for a preliminary injunction (Doc. 29) filed on August 15, 2019. The Court had denied Plaintiff's request for an *ex parte* temporary restraining order in Doc. 29 but took Plaintiff's request for a preliminary injunction under advisement pending formal service of the Complaint and a response from Defendants. Defendants have been served and have responded to the request for injunctive relief. (Doc. 42). Based on Defendants' Response, the Court finds there is no longer a need for the injunctive relief that Plaintiff seeks and therefore the request is denied as moot.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

On October 26, 2018, Plaintiff L. Yvonne Brown filed a nine-count Complaint (Doc. 1) alleging that Defendants violated Title IX[2] by dismissing her from Florida Gulf Coast University's (FGCU) women's basketball team based on academic ineligibility without due process. The remaining eight claims are all state law claims.

Brown seeks a preliminary injunction to prevent the continued enforcement of an April 29, 2019 disciplinary sanction imposed upon her by FGCU precluding her from registering for Fall 2019 semester classes that began on August 19, 2019. The disciplinary sanction stems from a citation Brown received for running a stop sign and driving her moped without a driver's license on FGCU's campus. So FGCU found her in violation of its Student Code of Conduct and placed a hold on her student account, preventing her from registering for classes. Brown believes that the disciplinary sanction imposed by FGCU (without a hearing) constitutes ongoing retaliation for Brown's complaints of Title IX violations and requests a preliminary injunction to stop the enforcement of the disciplinary sanction until her Title IX case has been heard by this Court.

## DISCUSSION

A district court may issue a preliminary injunction when the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See Four Seasons*

---

[2] The Title IX claim is the only federal claim pled in the Complaint.

*Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); "[A] preliminary injunction in advance of trial is an extraordinary remedy" whose purpose "is to preserve the positions of the parties as best [the court can] until a trial on the merits may be held." *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011) (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)).

Here, the sworn declaration submitted by FGCU, Chad Trisler, Assistant Dean of Students and Director of Student Conduct, states that Plaintiff is currently enrolled as a student at FGCU and is registered for classes. (Doc. 42-1). Mr. Trisler states that after Plaintiff submitted a reflection paper on August 16, 2019—one day after she filed her request for a temporary restraining order—she was allowed to register for classes. (*Id.* at ¶ 6). Because the only injunctive relief requested by Plaintiff (that the Court issue a preliminary injunction compelling FGCU to remove the hold on her student account, allowing her to register for classes for the Fall 2019 semester) has occurred, there is no longer a need to maintain the *status quo* prior to trial and the request will be denied as moot.

Accordingly, it is now

**ORDERED:**

Plaintiff's request for preliminary injunction (Doc. 29) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record