UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                             Case No.: 2:18-cv-714-FtM-38MRM

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, KEN KAVANAGH,
KARL SMESKO, RODERICK
ROLLE, KELLY BROCK and
JESSICA HOMER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff *pro se* L. Yvonne Brown's Motion to Stay the Court's consideration of Defendants' Motion to Dismiss (Doc. 48) filed on October 1, 2019. Defendants filed a Response in Opposition (Doc. 52) on October 15, 2019. For the reasons set forth below, the Motion is denied.

On October 26, 2018, Plaintiff L. Yvonne Brown filed a nine-count Complaint (Doc. 1) alleging that Defendants violated Title IX[2] by dismissing her from Florida Gulf Coast University's women's basketball team based on academic ineligibility without due

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Title IX claim is the only federal claim pled in the Complaint.

process. Defendants filed a Motion to Dismiss (Doc. 45) for failure to state a claim, arguing that Plaintiff's claims are barred by *res judicata* and that Defendants are protected by sovereign immunity. Plaintiff has not responded to the Motion to Dismiss; instead, Plaintiff moves to stay the Court's consideration of Defendants' Motion to Dismiss (Doc. 45) until such time as Defendants comply with Plaintiff's Family Educational Rights and Privacy Act (FERPA) requests.

Plaintiff asserts that she submitted a FERPA request on February 28, 2018[3], in which she requested that Defendants provide her with copies of her education records. Plaintiff states that certain graded assignments, which she refers to as "discovery material", are critical to her Title IX case, and she is entitled to review the records. However, Plaintiff does not say why the FERPA records are required for her to respond to the Motion to Dismiss and Plaintiff does not plead a claim for any alleged FERPA violations. A court's review of a motion to dismiss for failure to state a claim is generally limited to the four corners of the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The Court need not determine whether to compel discovery material prior to ruling on a Motion to Dismiss.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Stay (Doc. 48) is **DENIED**. Plaintiff must file a response to the Motion to Dismiss by **November 5, 2019**. Failure to do so will result in the Court ruling on the Motion to Dismiss without the benefits of a response.

---

[3] Plaintiff also states that the FERPA Request was made on February 28, 2019 (Doc. 48 at ¶ 7), but a review of the requests attached to the Motion show that they are dated February 28, 2018.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record