UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                               Case No.: 2:18-cv-714-FtM-38MRM

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, KEN KAVANAGH,
KARL SMESKO, RODERICK
ROLLE, KELLY BROCK and
JESSICA HOMER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants' Motion to Dismiss Brown's Original Complaint and Defendants' Request for Judicial Notice (Doc. 45) filed on September 19, 2019. Plaintiff was warned that the Court would rule on the Motion to Dismiss without the benefit of a response. (Doc. 53). No response was filed by Plaintiff *pro se* L. Yvonne Brown, although she was allowed time to do so. For the reasons set forth below, the Motion is granted, and the case will be administratively closed pending a ruling on Defendants' Motion for Sanctions (Doc. 54).

---

[1]Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

On October 26, 2018, Plaintiff L. Yvonne Brown filed a nine-count Complaint (Doc. 1) alleging in the only federal claim that Defendants violated Title IX[2] by dismissing her from Florida Gulf Coast University (FGCU) women's basketball team based on academic ineligibility without due process. Defendants filed a Motion to Dismiss (Doc. 45) for failure to state a claim, arguing that Plaintiff's claims are barred by *res judicata* and that Defendants are protected by sovereign immunity. Indeed, this is not Brown's first *pro se* suit surrounding her unconstitutional dismissal from FGCU's basketball team. Brown litigated a case in this Court against mostly the same Defendants as here for the past year and a half. *See Brown v. Florida Gulf Coast University, et al.*, Case 2:18-cv-157-JES-MRM ("*Brown I*"). That case was filed on March 9, 2018, and after two iterations of the Complaint, the Court dismissed the case on the merits but allowed Plaintiff a final opportunity to amend. She failed to do so, and Judgment was entered on July 15, 2019.

## STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This consideration is limited "to the pleadings and exhibits attached thereto[.]" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, a complaint listing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[2] The Title IX claim is the only federal claim pled in the Complaint. The remaining state law claims are: violation of FGCU's Authorized Absence Policy, breach of contract, hostile education environment, retaliation, pain and suffering, intentional infliction of emotional distress, specific performance, and injunctive relief.

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2008). Likewise, "[f]actual allegations that are merely consistent with a defendant's liability" are insufficient. *Chaparro v. Carnival Corp*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). And the allegations must not force the court to speculate or operate on mere suspicion. *Twombly*, 550 U.S. at 555. In contrast, the Court will not dismiss a complaint where the Plaintiff pleads facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pleaded, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). Thus, when the complaint contains "well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### A. Judicial Notice

As an initial matter, Defendants request that the Court take judicial notice of certain court records from *Brown I*, specifically, the documents attached to their Motion to Dismiss.[3] (Doc. 45 at 3-4). A district court may consider extrinsic evidence in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Amer. Secs., LLC*, 600 F.3d 1334, 1337 (11th

---

[3] These include: (i) Brown's Original Complaint filed March 9, 2018 (Doc. 45-1); (ii) Brown's First Amended Complaint filed September 4, 2018 (Doc. 45-2); (iii) Opinion and Order filed November 14, 2018 (Doc. 45-3); (iv) Brown's Second Amended Complaint filed December 6, 2018 (Doc. 45-4); (v) Opinion and Order filed May 13, 2019 (Doc. 45-5); (vi) Order filed July 15, 2019 (Doc. 45-6); and (vii) Judgment in a Civil Case filed July 15, 2019 (Doc. 45-7).

Cir. 2010); *see also Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267-68 (11th Cir. 2002). The public records in *Brown I* comply with both requirements. Thus, Defendants' motion to dismiss need not be converted to a motion for summary judgment. *Harper v. Lawrence County*, 592 F.3d 1227, 1232 (11th Cir. 2010); *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1531-32 (11th Cir. 1990). Additionally, "a court may take notice of another court's order...for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Therefore, the Court takes judicial notice of those documents that were filed in *Brown I*, as requested.

### B. *Res Judicata*

Defendants contend that Plaintiff's claims (except the Title IX claim against Defendant Homer in her individual capacity) are barred by *res judicata* (claim preclusion) because of Plaintiff's prior federal court action in *Brown I* in which judgment on the merits was entered.

"It is by now hornbook law that the doctrine of *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). To prove that *res judicata* bars a claim, a movant must show that the following four elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer

is yes, *res judicata* applies." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). When deciding *res judicata*, federal courts "apply the preclusion law of the state whose courts rendered the first decision." *Agripost, LLC v. Miami-Dade Cnty.*, 525 F. 3d 1049, 1052 n.3 (11th Cir. 2008).

### 1. The Final Judgment in *Brown I* Was Rendered by a Court of Competent Jurisdiction

In *Brown I*, the Court rendered a final judgment against Brown. In the final iteration of her complaint in *Brown I*, Brown alleged claims under 42 U.S.C. § 1983, the federal Administrative Procedure Act, and the federal Higher Education Act of 1965, as well as claims for retaliation and declaratory and injunctive relief. (Doc. 45-4). The Court had federal-question jurisdiction over Brown's federal claims, and supplemental jurisdiction over her state-law claims. Thus, the Court had jurisdiction to render its final judgment in *Brown I* and therefore the first element is satisfied.

### 2. The Final Judgment in *Brown I* Was a Final Judgment on the Merits

In *Brown I*, the Court's Opinion and Order dated May 13, 2019, dismissed some of Brown's claims with prejudice and others without prejudice pursuant to Fed. R. Civ. P. 12(b)(6), with leave to amend. When Brown failed to amend her pleading within the time allowed by the Court, the Court directed the Clerk to enter judgment and close the case, and Judgment was entered. A final judgment entered after the Court dismisses a plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) – and after a plaintiff fails to file an amended pleading within the allotted time – is a final judgment on the merits. *See Hertz Corp. v. Alamo Rent-a-Car, Inc.*, 16 F.3d 1126, 1128, n.3 (11th Cir. 1994). Therefore, the second element is satisfied.

### 3. Both Cases Involve the Same Parties and Their Privies

In both *Brown I* and this case, Brown sued FGCU Board of Trustees, Ken Kavanagh, Karl Smesko, Roderick Rolle, and Kelly Brock in their official and individual capacities. Thus, these Defendants may invoke *res judicata* here. The sole difference being that in this case, Brown has also sued Jessica Homer in her official (as FGCU's Assistant Director and Deputy Title IX Coordinator) and individual capacities. (Doc. 1 at ¶ 7).

In her official capacity, Homer may invoke *res judicata* because she is in privity with the state entity that employs her – FGCU – and with the FGCU officials who were sued in *Brown I* in their official capacities. *See Muhammad v. Sec'y, Fla. Dep't of Corr.*, 739 F.3d 683, 689 (11th Cir. 2014) ("The individuals named in the federal lawsuit are sued in their official capacity and are in privity with the State of Florida, the defendant in the state-court action."). Thus, Homer may invoke *res judicata* as to all the claims brought against her in her official capacity. Therefore, the third element is satisfied as to all Defendants, except as to Homer in her individual capacity.

### 4. *Brown I* Involved the Same Cause of Action and The Claims Were or Could Have Been Brought in *Brown I*

Two cases involve the same cause of action if both arise from "the same nucleus of operative facts . . . so that the present claim could have been effectively litigated with the prior one." *Lobo*, 704 F.3d at 893 (quoting *In re Piper*, 244 F.3d at 1301). *Res judicata* "applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact." *Id.* (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)).

Here, after a review of the pleadings in *Brown I*, and the Complaint in this case, the Court notes that Plaintiff has made nearly identical factual and legal allegations. The only difference being in this case she labels her federal claim as one brought under Title IX instead of one under the Fourteenth Amendment. Notably, on the first page of the Second Amended Complaint filed in *Brown I* (which was filed *after* this lawsuit was filed), Plaintiff states: "This is not a title xi [*sic*] complaint and should not be construed by this Court has a title ix complaint in any way, shape, form, or fashion." (Doc. 45-4 at 1-2). *Res judicata* prohibits such attempts to divide into two cases the legal theories that emerge from a single set of facts. Where, as here, the core factual allegations are the same, the two cases involve the same cause of action. *Lobo*, 704 F.3d at 893 (concluding that, where the factual allegations in two complaints were recited verbatim, the two cases involved the same cause of action). And although "a judgment is only conclusive regarding the manner that the parties might have litigated . . ., for *res judicata* purposes, claims that could have been brought are claims in existence at the time the original complaint was filed." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998).

Here, apart from her Title IX claim, *each count* that Brown asserts in this case was raised in *Brown I*. As for Brown's Title IX claim, it "could have been brought" in *Brown I* because it was "in existence at the time the original complaint [was] filed" on March 9, 2018 in the *Brown I* case. *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992). Brown alleges that she made an "informal Title IX Complaint" against Rolle to Dr. Clifford Renk on January 29, 2018. (Doc. 1 at ¶ 12) (alleging that, "[i]mmediately after Rolle's class was dismissed on Monday January 29, 2018, Brown immediately went to

7

the Chair of Biology, Dr. Clifford Renk, and informally made a Title IX complaint against Rolle"). Brown asserted the same allegation in *Brown I*. (Doc. 45-1 at ¶ 27) (alleging that "[o]n Monday, January 29, 2018, immediately after being dismissed from Rolle's class, Brown went to [Dr. Renk] and complaining [*sic*] about the treatment she had just received in Rolle's Biology II Lab class"); (Doc. 45-2 at ¶ 36); (Doc. 45-3 at ¶ 35).

Brown claims that Defendants retaliated against her between the time she filed her informal Title IX complaint on January 29, 2018, and when FGCU refused to reinstate her to the basketball team on February 20, 2018. (Doc. 1 at ¶¶ 41-79). These alleged events concluded well before March 9, 2018, when Brown filed her original complaint in *Brown I*. Still, Brown failed to plead a Title IX claim in *Brown I*, and instead waited until April 2, 2018, to file a "formal, written, Title IX complaint." (Doc. 1 at ¶ 81). Because Brown's alleged claim under Title IX existed before March 9, 2018, it "could have been brought" in *Brown I* and is thus barred here.

*Res judicata* protects litigants from "the expense and vexation of attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Further, claim preclusion operates to prevent parties" from contesting matters that they have had a full and fair opportunity to litigate" between themselves. *Montana v. United States*, 440 U.S. 147, 153 (1979). Brown had ample opportunity to litigate all her claims and now seeks an improper redo. Having thus concluded that all the requirements for *res judicata* have been met, the Court grants the Motion to Dismiss the case on this basis as to all Defendants with prejudice, except for

the claims against Defendant Homer in her individual capacity, which are discussed below.

### C. Claims Against Defendant Homer in Her Individual Capacity

#### 1. Title IX (Count I)

First, "Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations." *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir. 2007). Therefore, Count I against Homer in her individual capacity is dismissed with prejudice.

As for the state-law tort claims that are brought against Homer in her individual capacity (Counts III – breach of contract, VI – pain and suffering, and VII – intentional infliction of emotional distress), sovereign immunity would bar such claims as discussed below.

#### 2. Breach of Contract (Count III)

The Florida Supreme Court has recognized an implied waiver of Florida's sovereign immunity for breach of contract claims. *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5-6 (Fla. 1984). That waiver, however, only applies "to suits on express, written contracts into which the state agency has statutory authority to enter." *Id.* at 6. Absent a written contract, sovereign immunity bars breach of contract claims against the State of Florida. *City of Gainesville v. State, Dep't of Transp.*, 778 So. 2d 519, 530 (Fla. Dist. Ct. App. 2001).

Here, Plaintiff has not alleged that she entered into a contract with any of the individual defendants. Thus, as currently pled, Plaintiff's claim for breach of contract as

to Homer in her individual capacity is barred by sovereign immunity and Count III is dismissed without prejudice for lack of jurisdiction.

### 3. Pain and Suffering and IIED (Counts VI, VII)

As for the pain and suffering and IIED counts, Florida law provides that:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). "Florida courts equate bad faith with the actual malice standard," *Gurrera v. Palm Beach Cty. Sheriff's Office*, 657 F. App'x 886, 892 (11th Cir. 2016), which "means the conduct must be committed with ill will, hatred, spite, or an evil intent. Conduct meeting the wanton and willful standard is defined as worse than gross negligence, and more reprehensible and unacceptable than mere intentional conduct." *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1343 (M.D. Fla. 2017) (internal citations omitted).

Here, Brown's allegations are founded on actions taken within the scope of Homer's employment; namely, that Homer's investigation of Brown's formal Title IX complaint was untimely and inadequate. (Doc. 1 at ¶¶ 81-85, 100). Such allegations do not state a claim of actual malice sufficient to overcome the statutory immunity provided for by Fla. Stat. § 768.28(9)(a). As a result, Counts VI and VII against Homer in her individual capacity are barred by sovereign immunity and are dismissed without prejudice for lack of jurisdiction.

### 4. Hostile Educational Environment (Count IV)

Count IV is a hostile educational environment claim, which the Court construes as arising under Title IX, and as discussed above, Title IX does not allow for claims against individual school officials. Therefore, Count IV against Homer in her individual capacity is dismissed with prejudice.

### 5. Retaliation (Count V)

Although Plaintiff's Complaint states that she is bringing Count V against Homer, there are no factual allegations that involved Homer within Count V. In any event, the Court construes Count V as arising under Title IX, and as discussed above, Title IX does not allow for claims against individual school officials. Therefore, Count V against Homer in her individual capacity is dismissed with prejudice.

### 6. Specific Performance (Count VIII)

The Court is aware of no statute or legal authority – and Plaintiff does not cite to any – as the basis for her specific performance claim in Count VIII. Indeed, in Florida, specific performance is an equitable remedy for a breach of contract, not an independent cause of action. *See, e.g., Bay Club, Inc. v. Brickell Bay Club, Inc.*, 293 So. 2d 137, 138 (Fla. Dist. Ct. App. 1974). Therefore, Count VIII as a stand-alone claim is dismissed with prejudice.

## D. Leave to Amend

Generally, a party should be given at least one opportunity to amend before the district court dismisses the complaint with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, when an amendment would arise from the same set of operative facts as those dismissed based on *res judicata*, amendment would be futile as

it would still be subject to dismissal. See *McNear v. Wells Fargo Bank, N.A.*, 651 F. Appx. 928, 932 (11th Cir. 2016) (affirming the district court's decision in declining to grant leave to file a second amended complaint where the first was barred by *res judicata*); *Akanthos Capital Management, LLC v. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1272 (11th Cir. 2013) (no prejudice results from dismissal when a party has already fully and fairly litigated an identical complaint); *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Therefore, the Court will not allow Plaintiff to amend those claims dismissed based on *res judicata* on futility grounds.

As for those claims brought against Homer in her individual capacity, the Court also finds that leave to amend need not be provided because such amendment would be futile as the complaint as amended would still be subject to dismissal. In sum, the Title IX claim - and those that arise under Title IX - may not be brought against individual school officials. And the remaining claims are barred by sovereign immunity, which the Court accordingly lacks jurisdiction to hear. See *Hufford v. Rodgers*, 912 F.2d 1338, 1340-41 (11th Cir. 1990).

**E. Motion for Sanctions**

On October 24, 2019, Defendants filed a Motion for Sanctions Against Plaintiff (Doc. 54) for Plaintiff's failure to cooperate in the filing of the Case Management Report. The Motion is currently pending before the Magistrate Judge wherein Defendants request in part an award of attorneys' fees pursuant to Fed. R. Civ. P. 16(f)(2). Because the sanctions issue remains pending, the Court will direct that judgment be entered, but will only administratively close the case. After the sanctions issue has been resolved by the Magistrate Judge, the case will be closed.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss Brown's Original Complaint and Defendants' Request for Judicial Notice (Doc. 45) is **GRANTED**.

   a. All counts against Defendants Florida Gulf Coast University Board of Trustees, Ken Kavanagh, Karl Smesko, Roderick Rolle, Kelly Brock (in both their individual and official capacities), and Jessica Homer (in her official capacity only) are **dismissed with prejudice** on *res judicata* grounds.

   b. Counts I, IV, V, and VIII against Jessica Homer in her individual capacity are **dismissed with prejudice**.

   c. Counts III, VI, and VII against Jessica Homer in her individual capacity are **dismissed without prejudice**.

(2) Because the Court has dismissed this case on *res judicata* and jurisdictional grounds, Plaintiffs' Emergency Motion to Stay Administrative Disciplinary Sanctions (Doc. 56) is **DENIED AS MOOT**.

(3) The Clerk is **DIRECTED** to enter judgment accordingly and **administratively close** this case pending a ruling on Defendants' Motion for Sanctions (Doc. 54) by the Magistrate Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
All Parties of Record

13