UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

     Plaintiff,

v.                                              Case No.: 2:18-cv-714-FtM-38MRM

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES, KEN KAVANAGH,
KARL SMESKO, RODERICK
ROLLE, KELLY BROCK and
JESSICA HOMER,

     Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff *pro se* L. Yvonne Brown's Motion to Declare Order of Dismissal Void (Doc. 60). Plaintiff claims that the Court's November 21, 2019 dismissal order is void because she is lawfully entitled to some form of judicial review and the Court misapplied the law. Defendants filed a Response in Opposition (Doc. 61), which includes a request that the Court direct Plaintiff to show cause why she has not violated Federal Rule 11(b) by falsely representing to the Court that she attempted to confer with counsel prior to bringing the Motion and for presenting her Motion for the improper purpose of needlessly increasing the cost of this litigation. For the following reasons, the Motion is denied.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiff's Motion seeks relief under Federal Rule of Civil Procedure 60(b) which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005).

The Court has reviewed Plaintiff's Motion and determines that it is without merit. Plaintiff does not identify new evidence, point to a change in controlling law or material facts, or show that reconsideration is needed to correct clear error or prevent manifest injustice.

As for Defendants' request for an order to show cause, Rule 11(c)(3) provides that a court may, on its own initiative, order an attorney or party to show cause why conduct specifically described in the order has not violated Rule 11(b), representations to the court. The Court finds no compelling reason to issue an order to show cause in this particular instance and therefore the request is denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Declare Order of Dismissal Void (Doc. 60) **DENIED.**

(2) Defendants' request for an order to show cause (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record